UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

P. J. Stevens,

           Plaintiff,

vs.                          REPORT AND RECOMMENDATION

Minnesota Dep. Of Public
Safety,

           Defendant.          Civil No. 08-514 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff P. J. Stevens for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

II. Factual and Procedural Background

Although much of the Plaintiff's Complaint is unintelligible, it can reasonably be inferred that he was apprehended sometime in 2007 for driving while intoxicated

("DWI"), and that the Plaintiff believes that his apprehension, and subsequent prosecution, somehow violated State and Federal law. However, the Complaint does not provide any other comprehensible information about the events and circumstances on which this action is based.

The only named Defendant is the Minnesota Department of Public Safety ("MDPS"). As far as we can tell, the Plaintiff is claiming that the Defendant wrongly revoked his Minnesota Driver's license, presumably in connection with the DWI incident that is referred to in his Complaint. The Plaintiff is seeking a Judgment against MDPS for "Comsention [sic] for loses [sic] and or guidline [sic] for such."

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted, or seeks relief against a party who is legally immune from the plaintiff's claims. See, Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of a most indulgent construction, the Plaintiff's pleading fails to state an actionable claim against the only named Defendant. We further find that the Defendant is immune from suit in Federal Court.

First, the Plaintiff has wholly failed to state an actionable claim against the Defendant, because his Complaint does not adequately describe any act, or failure to act, on the part of the Defendant, that would entitle the Plaintiff to a Judgment against the MDPS. To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendant, based on some settled legal principle or doctrine. While Federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

The Complaint, here, does not provide a comprehensible description of any historical facts, and it does not adequately identify the legal basis for the Plaintiff's lawsuit against the Defendant, much less the jurisdictional basis for the Court to act. The Plaintiff has not described any specific acts or omissions by the Defendant which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendant. The Plaintiff also has not clearly identified the legal doctrine, principle or theory on which his lawsuit is based, and therefore, we find that the Plaintiff has failed to state

any cause of action on which any relief could be granted.

We further find that the only named Defendant in this action, MDPS, is a State agency, which is immune from being sued in Federal Court by reason of the Eleventh Amendment to the Constitution. It is well-settled that States, and their agencies, are immune from suit in Federal Court under the Eleventh Amendment, unless the State has consented to being sued, see, Pugh v. Alabama, 438 U.S. 781, 782 (1978), or Congress has abrogated the State's immunity by some **express statutory** provision. See, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Here, the Plaintiff has offered no reason to believe that the Defendant has consented to be sued, and the Plaintiff has not identified any act of Congress that would abrogate the Defendant's constitutional immunity. Therefore, we find that the Plaintiff's present attempt to sue the Defendant is barred by the Eleventh Amendment.

Accordingly, finding no viable cause of action, we recommend that this action be summarily dismissed, pursuant to Title 28 U.S.C. §§1915(e)(2)(B)(ii) and (iii), and we further recommend that the Plaintiff's IFP application be denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2.   That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

Dated: April 2, 2008                     *s/Raymond L. Erickson*
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 18, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing by no later than **April 18, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.